CLD-261                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2128
_____

RAMON BRITO,
                                        Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; ATTORNEY GENERAL;
DIRECTOR, FEDERAL BUREAU OF PRISONS; WARDEN JERRY MARTINEZ;
P.A. BRADY, ALLENWOOD MEDICAL STAFF;
AHSA POTOPE, ALLENWOOD MEDICAL STAFF
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-01673)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2010

Before:  BARRY, FISHER and GREENAWAY, JR.,  Circuit Judges.

(Filed: August 18, 2010 )
_____

OPINION
_____

PER CURIAM

Ramon Brito, a federal prisoner proceeding pro se, appeals from the judgment of the United States District Court for the Middle District of Pennsylvania entered on March 15, 2010, granting the appellees' motion to dismiss or, in the alternative, motion for summary judgment. For the reasons stated herein, we will summarily affirm the judgment of the District Court.

In September 2008, Brito filed a civil rights complaint against Michael Mukasey, former United States Attorney General, Harley G. Lappin, Director of the United States Bureau of Prisons, Jerry Martinez, the Warden at Allenwood Low Security Correctional Institute, and Jim Brady and James Potope, medical staff members.[1] Brito brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He alleged that defendants failed to provide him with adequate medical care in violation of the Eighth Amendment.

Brito reported an injury to his left hand pinky finger to the prison's Health Services on September 5, 2006.[2] Health Services ordered an x-ray and provided Brito with pain medication. On September 6, 2006, the x-ray was taken and revealed a fractured pinky

_____

[1]Although it appears the appellant identifies the United States Department of Justice as one of the defendants, the District Court found that the Department was used merely to help identify the actual defendants. Based upon the complaint, the District Court concluded that the only defendants are those the court addressed in its memorandum.

[2]The facts are taken from the appellees' brief in support of motion to dismiss, appellant's brief in opposition to motion to dismiss, and the District Court's memorandum opinion and order and, unless noted, are not in dispute.

2

finger. The fracture was splinted and wrapped for immobilization and Brito was instructed to avoid overuse and keep his finger immobile. Brito was also given pain medication and a follow-up x-ray was ordered to be taken in four weeks.

On October 3, 2006, Brito returned to Health Services for a follow-up visit. The examination indicated that the range of motion ("ROM") and sensation of his finger were intact. He also had mild swelling and good capillary refill. Health Services directed Brito to continue to wear his splint, to avoid further trauma, and to continue his pain medication as needed. During his third follow-up visit on October 12, 2006, Brito was told to perform ROM exercises to prevent his finger from becoming stiff and to avoid any complications.[3] Brito was also given instructions on ROM exercises. On October 25, 2006, Brito was seen for another follow-up visit. He was advised again that he must do the exercises to avoid complications.

On November 1, 2006, Brito received another x-ray which revealed that the fracture was healing, but still present. He was instructed to continue to wear his splint. Brito returned to Health Services for seven more subsequent follow-up examinations. After

---

[3]The appellees argued that Brito repeatedly admitted he was not completing his ROM exercises despite several warnings from Health Services about the need to perform them. The District Court adopted this fact. However, in Brito's reply brief, he argued that the appellees misconstrued this fact. He alleges that he told Health Services personnel that he was performing the ROM exercises, but that the swelling in his fingers did not allow him to properly complete the exercises. Although this fact remains in dispute, summary judgment may still be properly granted because this fact is not material to our resolution of Brito's Eighth Amendment claim. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (citations omitted).

3

Brito's pinky finger began to develop "retraction," he was examined by two orthopedic specialists, Dr. Thomas F. Dominick and Dr. David J. Ball. Although both specialists recommended that Brito should be seen by a hand specialist, it does not appear from the record that Brito was examined by a hand specialist.

Based upon the medical treatment he received for his fractured finger, Brito filed a complaint alleging that the prison medical staff demonstrated deliberate indifference to his medical needs in treating his finger, causing him permanent damage in violation of his Eighth Amendment rights. In response, the appellees filed a motion to dismiss, or in the alternative, for summary judgment. The District Court granted the motion to dismiss with respect to Defendants Lappin, Mukasey, and Martinez, and granted the motion for summary judgment with respect to Defendants Brady and Potope.[4] Brito filed a timely appeal and a motion for appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a complaint under Rule 12(b)(6), see Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008), and the entry of summary judgment, see Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 580-81 (3d Cir. 2009) (citations omitted).

---

[4]Brito also filed a document entitled "Emergency Motion on Request for Protection." This motion asserted that the defendants were retaliating against him for filing the lawsuit. The District Court denied the motion because the issues raised in it arose after this case was filed. Because the motion was premised on a different set of facts than the complaint in this case, and sought different relief, the proper course of action would be for Brito to initiate a new lawsuit.

Dismissal under Rule 12(b)(6) is appropriate if the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] [that] under any reasonable reading of the complaint, the plaintiff" is not entitled to relief. Phillips, 515 F.3d at 233 (citations omitted). Summary judgment is appropriate "if, drawing all inferences in favor of the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Am. Eagle Outfitters, 584 F.3d at 581 (citations omitted). Because we conclude that this appeal presents no "substantial question," we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 & I.O.P. 10.6.

First, Brito failed to establish a valid cause of action against Director Lappin, and former Attorney General Mukasey because his Bivens claim cannot be premised upon the theory of respondeat superior. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. Rode, 845 F.2d at 1207. Such involvement may be established through: (1) personal direction or actual participation by the defendant in the misconduct; or (2) knowledge of and acquiescence in the misconduct. Id.

Though Brito names Director Lappin and former Attorney General Mukasey as defendants, he does not allege that they were personally involved in the alleged denial of

5

care. Furthermore, Brito failed to present any proof, or even allege, that these defendants had knowledge of any mistreatment or failure of treatment by the medical staff. On this basis, the District Court dismissed the claims against Lappin and Muaksey. The District Court also dismissed claims against Warden Jerry Martinez because Brito mistakenly held Martinez responsible for responding to his administrative claim. Without any evidence of personal involvement or knowledge of Brito's medical care, no claim can be raised against Martinez. We agree with the District Court's dismissal against these three appellees.

Second, Brito failed to establish a valid deliberate indifference claim against medical staff members Brady and Potope. In order to assert an Eighth Amendment claim of deliberate indifference, a party "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). For example, the Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976), held that an inmate's claims against members of the prison medical department did not rise to the level of a violation under the Eighth Amendment, where the inmate had received continuing care from medical staff, but believed that more should have been done for him by way of diagnosis and treatment, and maintained that a number of options to medical personnel were not pursued on his behalf. Id. at 106-07. In short, an inmate's disagreement with the course of treatment prescribed by a physician does not constitute deliberate indifference. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

6

In this present action, Brito argued that the medical staff was deliberately indifferent to his medical needs because (1) the medical staff delayed in referring him to a specialist; and (2) the medical staff acted negligently in failing to take his diabetes into consideration while providing for his medical care. These allegations do not rise to the level of deliberate indifference on the part of appellees to Brito's medical needs. Health Services examined Brito on numerous occasions and he received proper diagnostic testing. He was also provided with a splint for his finger and instruction to perform ROM exercises. He was later referred to two orthopedic specialists when his finger did not heal properly. Setting aside the dispute as to whether or not Brito performed the exercises prescribed by appellees, we cannot conclude that appellees were deliberately indifferent to Brito's condition.[5] See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Accordingly, we will summarily affirm the decision of the District Court. 3d Cir. LAR 27.4 & I.O.P. 10.6. Brito's motion for the appointment of counsel is denied as moot.

---

[5]Brito's claims are more akin to a medical malpractice claim, which he seems to have raised in a separate proceeding. See Civil No. 09-cv-01257 (M.D. Pa.).